■ In the Matter of GEORGE J. DELANEY, Petitioner, v MARINA E. GALEANO, Respondent. DANIEL D. MOLINOFF, Nonparty Appellant. [857 NYS2d 586]—In a proceeding for visitation pursuant to Family Court Act article 6, Daniel D. Molinoff, the attorney for the child, appeals from an order of the Family Court, Westchester County (Devlin, J.), dated April 27, 2007, which, after a hearing, denied his motion to hold the respondent mother in contempt.

Upon receipt of a copy of a letter dated June 15, 2007 from the 14-year-old child to the effect that he does not want the appeal to proceed, this Court issued an order to show cause dated June 29, 2007 [2007 NY Slip Op 72926(U)], directing the parties or their attorneys to show cause before this Court why an order should or should not be made and entered dismissing the appeal in the above-entitled proceeding as withdrawn. By decision and order on motion of this Court dated August 2, 2007 [2007 NY Slip Op 74831(U)], the motion to dismiss was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the order to show cause, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted, without costs or disbursements; and it is further,

Ordered that the appeal is dismissed as withdrawn, without costs or disbursements.

Where "the child is capable of knowing, voluntary and considered judgment, the attorney for the child should be directed by the wishes of the child" (22 NYCRR 7.2 [d] [2]). Here, the child on numerous occasions has expressed concern that his attorney was not representing his wishes. Additionally, he requested that the appeal be withdrawn, prompting this Court to require the parties or their attorneys to show cause why the appeal should not be dismissed as withdrawn. In response to that order to show cause, the attorney for the child failed to demonstrate any basis upon which the child's preference may properly be disregarded (see 22 NYCRR 7.2 [d] [3]). Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.